IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NEIBI MELANI NAVARRETE,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-00553 |
| **TARGET CORPORATION,** | § § § | JURY |
| *Defendant.* | § § | |

### DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Target Corporation ("Defendant" or "Target") files this Notice of Removal of the above-entitled action from the 462nd Judicial District Court, Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division. As shown herein, removal of this case to federal court is proper based on diversity jurisdiction.

## I.
## BACKGROUND

1. On June 15, 2020, Plaintiff Neibi Melani Navarrete ("Plaintiff") initiated this action, captioned *Neibi Melani Navarrete v. Target Corporation*, in the 462nd Judicial District Court, Denton County, Texas by filing Plaintiff's Original Petition ("Plaintiff's Petition"). The District Court designated Plaintiff's lawsuit as Cause No. 20-4611-462.

2. As required by Local Rule 81 and 28 U.S.C. § 1446(a), a docket sheet and true and correct copies of all process, pleadings, and orders related to the District Court proceeding are attached hereto as EXHIBITS A through A-5 and C and incorporated herein by reference. Pursuant to Local Rule 81, a list of the parties, their counsel and index of matters being filed is attached as EXHIBIT D. The Court is further advised that the current status of this case is pending

and that Plaintiff has demanded a jury trial. This action was removed from the following Texas state court:

> Denton County District Court
> 462 Judicial District
> Denton County Courts Building
> 1450 East McKinney Street, 4th Floor
> Denton, Texas 76209-4524
> (817) 884-3298

3. On June 18, 2020, Target was served with Plaintiff's Petition. *See* Declaration of Adam Klarfeld in Support of Removal at ¶ 5, attached as EXHIBIT B. Defendant subsequently and timely filed its Answer to Plaintiff's Petition on July 10, 2020. *See* EXHIBIT A-4.

4. Plaintiff's Petition asserts that Target is liable to her for alleged sex discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"). *See* Pl.'s Pet. at ¶¶ 18-23, attached at EXHIBIT A.

## II.
## DIVERSITY JURISDICTION

5. This Court has subject matter jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). As shown below, both of these requirements are met in this case.

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

6. The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000]."). In

Paragraph 25 of Plaintiff's Petition, Plaintiff affirmatively pleads that the range of potential relief arising out of this lawsuit is within the limits specified in Rule 47(c)(4) of the Texas Rules of Civil Procedure, specifically "monetary relief over $200,000 but not more than $1,000,000." Pl.'s Pet. at ¶ 25, attached at EXHIBIT A; TEX. R. CIV. P. 47(c)(4).  "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Plaintiff's statement of the amount-in-controversy in the Petition is not ambiguous and appears to have been plead in good faith, which indicates Plaintiff's intention to seek more than $75,000 satisfying the amount-in-controversy requirement. *See, e.g., Rubio v. State Farm Lloyds*, No. H-19-3729, 2019 WL 6330355, at *1 (S.D. Tex. Nov. 26, 2019) ("Plaintiff's Rule 47 statement that the lawsuit seeks to recover $200,000 to $1,000,000 facially establishes an amount in controversy over $75,000."); *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2016 WL 5815892, at *8 (N.D. Tex. Oct. 5, 2016) (holding unambiguous statement of damages above $75,000 made in good faith pursuant to Rule 47 sufficient to meet amount-in-controversy requirement).  Moreover, the Petition states a request for relief including back pay for lost wages and benefits, front pay, compensatory damages including emotional pain, suffering, inconvenience, mental anguish, stress, anxiety, and humiliation, punitive damages and attorney's fees and costs of court further supporting a finding that Plaintiff's claim more likely than not will exceed $75,000.  Although Target altogether denies Plaintiff's allegations and denies that Plaintiff is entitled to the damages she seeks, it is evident that the amount in controversy, exclusive of interest and costs, far exceeds the threshold sum of $75,000 based on the face of the Petition.  *See* 28 U.S.C. § 1332(a).

**B.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

7.     The second requirement for removal based on diversity is also established because complete diversity of citizenship exists between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

8.     Upon information and belief, Plaintiff resided in Denton County, Texas at the time her Petition was filed and currently resides there as of the filing of this Notice of Removal. *See* Pl.'s Pet. at ¶ 2, attached at EXHIBIT A (listing employment in Lewisville, Denton County, Texas).  Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (holding place where person maintains a home as a factor evidencing citizenship).

9.     At the time of filing of Plaintiff's Petition and at the time of removal, Defendant was and is a citizen of states other than Texas.  Specifically, Defendant Target Corporation is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.  *See* Declaration of Adam Klarfeld in Support of Removal at ¶ 3, attached hereto as EXHIBIT B.

10.    Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business.  In *Hertz Corp. v. Friend*, the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. 559 U.S. 77, 80-81 (2010).  The Court determined that a corporation's "principal place of business" is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93; *see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014) (following *Hertz* for "principal place of business").

11. Defendant is a citizen of Minnesota for diversity purposes. It is not a citizen of Texas because it is neither incorporated in Texas, nor is its principal place of business located in Texas. *Hertz Corp*, 559 U.S. at 80-81.

12. In sum, Plaintiff is a citizen of Texas and Defendant is not. Complete diversity of citizenship exists between Plaintiff and Defendant.

### III.
### PROCEDURAL PREREQUISITES

13. Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(c)(3). Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

14. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the 462nd District Court, Denton County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), that will be promptly filed with the 462nd District Court, is attached hereto as EXHIBIT C.

15. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

### IV.
### CONCLUSION

Accordingly, because diversity jurisdiction exists over Plaintiff's claims, this Court has jurisdiction under 28 U.S.C. § 1332. Defendant Target Corporation respectfully requests that the 462nd Judicial District Court of Denton County, Texas proceed no further with Cause No. 20-4611-462 and that *Neibi Melani Navarrete v. Target Corporation*, No. 20-4611-462 (Denton

Dist. Ct.), be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

                Respectfully submitted,

                */s/ Danielle K. Herring*
                **Danielle K. Herring**
                State Bar No. 24041281
                dherring@littler.com
                **LITTLER MENDELSON, P.C.**
                1301 McKinney Street
                Suite 1900
                Houston, Texas 77010
                Telephone No.:  713.951.9400
                Facsimile No.:  713.951.9212

                **Mark A. Flores**
                State Bar No. 24076385
                markflores@littler.com
                **LITTLER MENDELSON, P.C.**
                2001 Ross Avenue
                Suite 1500, Lock Box 116
                Dallas, TX  75201-2931
                Telephone No.: 214.880.8100
                Facsimile No.: 214.880.0181

                **ATTORNEYS FOR DEFENDANT TARGET CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification on this 17th day of July 2020 to:

Reema Ali
Equal Justice Center
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247
*Sent Via Email:* *rali@equaljusticecenter.org*

Aaron Johnson
Equal Justice Center
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
*Sent Via Email:* *ajohnson@equaljusticecenter.org*

Brian P. Sanford
The Sanford Firm
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
*Sent Via Email:* *bsanford@sanfordfirm.com*

*/s/ Danielle K. Herring*
Danielle K. Herring